Laraussini *v.* Carquette et al.

---

URBEN LARAUSSINI *vs.* JOHN B. CARQUETTE et al.

The power of compelling a party prosecuting two suits for the same cause of action, to abandon one or the other, and elect in which tribunal he will prosecute his suit, belongs to a court of chancery.

This rule applies only to original suits instituted, in which a recovery in one would be a bar to a judgment or decree in the other.

THIS was a motion to dismiss the suit, for the reasons given in the opinion of the court.

*Wm. A. Champlin*, for the motion.

*John Henderson*, contrà.

Mr. Justice YERGER delivered the opinion of the court.

This case is submitted on a motion to dismiss the appeal from the judgment of the circuit court of Harrison county, upon the ground that the appellant has filed a bill in the court of chancery, praying for a perpetual injunction of the judgment at law. No injunction has, in fact, been granted; therefore, the position that an injunction is *per se* a release of errors, is not applicable to it. The counsel for the motion insists, however, that we should entertain the motion, for the reason that a party should not be allowed to prosecute two suits in different courts

Laraussini *v.* Carquette et al.

for the same subject matter, but shall be compelled to elect which of the two suits he will rely upon. This power of compelling an election has always been understood by us to belong to a court of chancery, in which the rule has been long established, that a party prosecuting two suits for the same thing should be compelled to abandon one suit or the other, and elect in which tribunal he would prosecute his demand. This rule has never been applied in any case of which we have cognizance, except to that of two original suits, in which a recovery in one would be a bar to a judgment or decree in the other. And we are not aware of any decision in which an appellate tribunal has dismissed an appeal or writ of error, because the appellant or plaintiff in error had filed a bill in chancery for relief, because of an equitable defence he had against the judgment at law. If this court, upon a writ of error or appeal, should reverse the judgment of the court of law, could the judgment of this court, reversing the case and remanding the cause, be pleaded by the defendant in the chancery suit in bar of the complainant's right to recover? No one will suppose for an instant that it could have such effect. It is clear, then, that the appellant has not instituted or brought two suits against the appellee for the same thing. On the contrary, he is only seeking in two different tribunals to defend himself against a claim or demand by suit which the appellee has brought against him. Whether he can avail himself in either tribunal of that defence, we cannot say, in the present attitude of this case.

We have been cited to a decision made by the court of king's bench, 3 Barn. & Adolphus, 945, as a precedent which should guide us in this case. By reference to that case, it will be seen that the question decided did not arise on writ of error or appeal before that court; but that it was an original suit for damages in the king's bench, brought after the plaintiff had commenced another action in the exchequer for the same thing. Lord Tenterden said, that although the court of king's bench could not absolutely interfere to prevent the plaintiff's proceeding in an action properly brought there, nor control the action in the exchequer, yet it had authority to say, that he should not further proceed in the suit in the king's bench unless he abandoned the

Bridges *v.* The State of Mississippi.

suit in the exchequer. Without saying, at present, whether we would recognize this decision as correct in a case precisely analogous, it is sufficient to state, the decision referred to only establishes the rule, that a plaintiff shall not maintain two original suits in different courts of the same State for the same subject-matter, inasmuch as the judgment in one would be a bar to judgment in the other; and, therefore, the maintenance of both suits would have been burdensome and oppressive. But, as before remarked, it is a widely different case from the present, in which a defendant is seeking to defend his possession against a suit brought against him, by means of the two different remedies provided by the laws of the State, in the courts of law and equity.

Let the motion be overruled.