March, 1915] Ill. Cent. R. Co. v. Grimm. 479

109 Miss.] Statement of the case.

## Illinois Cent. R. Co. v. Grimm.

[69 South. 401.]

APPEAL AND ERROR. *Abandonment. Filing bill to set aside judgment.*
Where a suit was brought against a railroad company for the negligent killing of plaintiff's father by one of its trains, and judgment was rendered for plaintiff, from which defendant appealed, and the defendant after the adjournment of court, filed a bill against plaintiff 'in the chancery court alleging the discovery of new evidence, and asking that the judgment be set aside, and a new trial granted, which bill was dismissed on final hearing, this did not operate as a matter of law to release all errors, if any, in the judgment at law appealed from, or as an abandonment of the appeal.

APPEAL from the circuit court of Copiah county.

Hon. J. B. HOLDER, Judge.

Suit by John Grimm against the Illinois Central Railroad Company. From a judgment for plaintiff, defendant appeals.

Appellee, as plaintiff, filed suit in the circuit court of Copiah county against the appellant, defendant below, demanding damages on account of the alleged negligent killing of his father by one of defendant's trains. This suit proceeded to trial at the May, 1914, term of the circuit court, which trial resulted in a verdict and judgment for the plaintiff. From that judgment the defendant appealed, and immediately thereafter the court adjourned for that term. After the circuit court had adjourned, the parties who had been defendants in the circuit court filed their bill in the chancery court against Grimm, who had been plaintiff in the circuit court, and alleged therein that since the circuit court had adjourned the complainants (defendants in the circuit court) had discovered certain new evidence which was pertinent to the case, and prayed

that the judgment of the circuit court be set aside and
a new trial of the case in the circuit court be ordered
by the chancery court. At the final hearing the chancery
court decreed that complainants were not entitled to
the relief prayed for, and that their bill be dismissed.
From this final decree the complainants appealed to
the supreme court. Both cases, the law case and the
chancery case, are pending on appeal in the supreme
court, Nos. 17782 and 17974, respectively. And now
Grimm, the appellee, plaintiff in the law case, and de-
fendant in the chancery case, files in the supreme court,
in the law case, No. 17782, his motion to dismiss the
appeal; and as grounds for his motion says that the
filing of the bill of complaint in the chancery court and
the proceeding thereon operated as a release by appel-
lant of all errors, if any there were, in the judgment at
law, and also operates as an abandonment of the appeal
in this, the law case, No. 17782. Held, that the motion
be overruled.

Following is appellee's motion to dismiss the appeal:

"Comes John Grimm, appellee in the above styled
cause, and moves the court to dismiss the same, for the
following reasons, to wit: That on the second day of
April, 1914, he filed suit in the circuit court of Copiah
county, Miss., against the appellant, and another, pray-
ing damages in the sum of twenty five thousand dollars,
for the death of his father, Clifford E. Grimm, at the
hands of said appellant. That said cause came on to
be heard at the May term of the said court, and the
trial thereof resulted in a verdict and judgment in favor
of this appellee in the sum of four thousand dollars.
That it is from this judgment that this appeal is taken.
That said judgment was rendered on the twentieth
day of May, 1914, and this appeal was taken on the
tenth day of June, 1914."

Thereafter, to wit, on the twenty-ninth day of July,
1914, appellant filed in the chancery court of Copiah

county, Miss., its bill of complaint against this appellee and others, praying that said judgment so appealed from be, by the said chancery court of Copiah county, set aside and annulled, and that a new trial be granted to it, the said appellant, on the ground of newly discovered evidence. Said bill prayed, further, that said chancery court take jurisdiction of said cause, and that upon final hearing it render a decree forever dismissing said cause, and adjudging that said appellant, the Illinois Central Railroad Company, "is not liable for anything concerning the death of said C. E. Grimm." Said bill also contained a prayer for general relief. Thereafter, on the twentieth day of November, 1914, a final decree was entered in said cause, adjudging the said complainant, appellant here, to be entitled to no relief, and dismissing said bill of complaint. On the same day the said Illinois Central Railroad Company applied for and obtained an appeal from said final decree of said chancery court to this honorable court, so that both cases are here now on appeal. The record of the appeal from the said decree in chancery, being case No. 17974 of this court, is here referred to and asked to be taken as part hereof.

Appellee charges that the filing of said bill of complaint in the chancery court of Copiah county and proceeding thereon to final judgment operates, as a matter of law, as a release of all errors, if any, in the judgment at law, so appealed from, and charges further that the filing of said bill and proceeding thereon to final judgment operates as an abandonment of this appeal. "Wherefore he prays that this appeal be dismissed."

*McNeil & Loeb*, for the motion.

*Mayes & Mayes,* opposed.

SMITH, C. J., delivered the opinion of the court.

This is a motion, which the reporter will set out in full, to dismiss an appeal from a judgment in the court

below awarding appellee damages for the death of his father, who is alleged to have been killed by reason of the negligence of appellant's servants.

Appellant suggests that the matter herein complained of can be availed of only by a plea in bar and not by a motion, but waives the point and agrees that the court may decide the matter on its merits.

On the merits, the motion is controlled by *Laraussini* v. *Carquette,* 24 Miss. 151, and therefore must be overruled.

*Overruled.*